IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ECO GOLD NUTRI & ORGANICS LLP, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | | Civil No. 24-0375-RDB |
| HIGH CALIBER TRANSLOADING & STORAGE LLC, | * | |
| | * | |
| Defendant. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses Eco Gold Nutri & Organics LLP's ("Plaintiff's" or "Judgment Creditor's" or "Eco Gold's") Motion for Judgment on Garnishment and to Shorten Time for Response pursuant to Federal Rule of Civil Procedure 62(c). *See* ECF 29. On August 30, 2024, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Bennett referred this case to the undersigned for the purpose of "Post Judgment matters." ECF 31. I have reviewed the relevant filings, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated herein, the undersigned recommends GRANTING Plaintiff's Motion for Judgment on Garnishment.

**I.   BACKGROUND**

Plaintiff filed a complaint against Defendant High Caliber Transloading & Storage LLC ("Defendant" or "Judgment Debtor" or "High Caliber") on February 7, 2024, alleging breach of contract; violation of California Commercial Code § 7204; and common law fraud. ECF 1. The parties settled the dispute, resulting in the Defendant consenting to a judgment against it. ECF

1

24. On June 6, 2024, the Court approved and ordered a consent judgment in favor of Plaintiff against Defendant in the amount of $238, 515. ECF 25.

On June 18, 2024, pursuant to Federal Rules of Civil Procedure 64 and 69(a) and Local Rule 69.1, Plaintiff filed an Application for a Post-Judgment Writ of Garnishment directed to Powell, LLC ("the Garnishee"), which is the attorney of record for Defendant High Caliber. *See* ECF 26. Plaintiff's application for a Writ of Garnishment included an affidavit from its counsel, J. Stephen Simms. Affidavit of J. Stephen Simms, ECF 26-1 ("Simms Aff."). Plaintiff asserts that the parties' Settlement Agreement included a schedule of payments, the first of which was due on June 15, 2024.[1] ECF 26, at 1; *see* Simms Aff. at 1. Defendant High Caliber failed to pay as required on June 15, 2024 and, as a result, is in default of the Settlement Agreement. ECF 26, at 1; Simms Aff., at 1. Based on this failure to remit payment when due, Plaintiff sought to enforce the consent judgment. ECF 26, at 2; Simms Aff., at 1.

The requested Writ of Garnishment to the Garnishee concerns property of Defendant/Judgment Debtor High Caliber in the Garnishee's possession "including but not limited to unearned funds maintained in the firm's client trust fund account." ECF 26, at 2. The Clerk issued a Writ of Garnishment of Property other than Wages as to the Garnishee on June 27, 2024, directing the Garnishee "to hold, subject to further proceedings, the property of the Defendant/Judgment Debtor," including "any debt owed to the Judgment Debtor, whether immediately payable or unmatured[,]" as well as "property of the Defendant/Judgment Debtor that [the Garnishee] currently possess and any property of the Defendant/Judgment Debtor that may come into [its] possession after service of th[e] Writ." ECF 27, at 1. The Writ directed the Garnishee to "file a written answer in accordance with Maryland Rule 2-321 . . . within thirty

---

[1] The Settlement Agreement is not in the record for the Court to review.

(30) days" and noted that "[f]ailure to do so may result in judgment by default being entered against [it], . . . ." ECF 27, at 1 (emphasis omitted). On July 29, 2024, the Garnishee filed a timely Answer to the Writ, admitting that it "is indebted to the Judgment Debtor or in possession of property of the Judgment Debtor[,]" in the form of a "$3,000 retainer fee held in client trust fund account." ECF 28. The Garnishee neither contested the garnishment nor asserted any defense. *See* ECF 28.

On July 30, 2024, Plaintiff moved for judgment against the Garnishee and further moved, pursuant to Federal Rule of Civil Procedure 62(c), "that execution on the judgment and proceedings to enforce it are not stayed." ECF 29, at 1; *see* ECF 30. Plaintiff also requested that the Court "shorten the time to three (3) working days for Garnishee to respond to th[e] motion." ECF 29, at 2.

## II.     ANALYSIS

Garnishment, a form of attachment, "is a means of enforcing a judgment, which allows a judgment creditor to recover property owned by the debtor but held by a third party, the garnishee." *Harbor Bank v. Hanlon Park Condo. Ass'n*, 834 A.2d 993, 995 (Md. App. Ct. 2003) (internal quotation marks and citation omitted). "Where a judgment has been entered against a party, the prevailing party seeking to enforce the judgment is the 'judgment creditor,' and the party against whom the judgment is entered is the 'judgment debtor.'" *Philadelphia Produce Credit Bureau v. New World Wholesale, Inc.*, No. SAG-15-498, 2016 WL 1446771, at *1 (D. Md. Apr. 13, 2016). A writ of garnishment "preserve[s] the assets of the judgment debtor by creating an 'inchoate lien' that is binding and prevents the garnishee from disposing of those of the assets in [its] possession until such time as a judgment is entered in the garnishment proceeding." *Cath. Univ. of Am. v. Bragunier Masonry Contractors, Inc.*, 775 A.2d 458, 468

(Md. App. Ct. 2001), *aff'd sub nom. Bragunier Masonry Contractors, Inc. v. The Cath. Univ. of Am.*, 796 A.2d 744 (Md. 2002). As a general rule, once the writ of garnishment is issued and received by the garnishee, the garnishee is "bound to safely keep the assets of the debtor in [its] possession, together with any additional assets that come into [its] possession," such that "if the garnishee surrenders the property after service of the writ but prior to judgment, the garnishee is liable to the judgment creditor for the value of the debtor's property released." *Harbor Bank*, 834 A.2d at 995 (internal citations omitted).

State procedures govern the enforcement of a writ of garnishment of property where no federal statute governs. *See* Fed. R. Civ. P. 69(a)(1) ("A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."). Because no federal statute applies to writs of garnishment, Maryland Rules of Civil Procedure 2-645 applies. *See Corsair Special Situations Fund, L.P. v. Engineered Framing Sys., Inc.*, No. PWG-09-1201, 2011 WL 3793373, at *2 (D. Md. Aug. 24, 2011) (finding that there is no federal statute governing garnishment between private parties and, consequently, that the Maryland Rules apply); *Philadelphia Produce Credit Bureau*, 2016 WL 1446771, at *1 (same); *Johns Hopkins Hosp. v. Post*, 321 F. App'x 259, 261 (4th Cir. 2009) ("The parties agree that no federal statute applies in this instance and that the Maryland Garnishment procedure set forth in Maryland Rule 2-645 governs.").

Under Maryland Rule 2-645(e), after a writ of garnishment is issued, the garnishee "shall file an answer . . . admit[ting] or deny[ing] that the garnishee . . . is indebted to the judgment debtor or has possession of property of the judgment debtor and shall specify the amount and

nature of any debt and describe any property." Md. Rules 2-645(e).  If the garnishee files a timely answer, "the matters set forth in the answer shall be treated as established for the purpose of the garnishment proceeding unless the judgment creditor files a reply contesting the answer within 30 days after its service." Md. Rules 2-645(g).  If a timely reply is filed to the garnishee's answer, "the matter shall proceed as if it were an original action between the judgment creditor as plaintiff and the garnishee as defendant and shall be governed by the rules applicable to civil actions." *Id.* If a timely reply is not filed, the court may enter judgment against the garnishee upon request of the judgment creditor. *Id.*  The judgment against the garnishee "shall be for the amount admitted plus any amount that has come into the hands of the garnishee after service of the writ and before the judgment is entered, but not to exceed the amount owed under the creditor's judgment against the debtor and enforcement costs." Md. Rules 2-645(j).  "Upon entry of a judgment against the garnishee . . . the writ of garnishment and the lien created by the writ shall terminate and the garnishee shall be under no obligation to hold any additional property of the debtor that may come into its possession after the judgment was entered." Md. Rules 2-645(k)(1).

Here, most of Maryland Rule 2-645's mandates are met.  In accordance with Rule 2-645, Judgment Creditor Eco Gold timely filed its Application for Writ of Post-Judgment Writ of Garnishment of Property other than Wages, *see* ECF 26, and a Writ of Garnishment of Property other than Wages was issued as to the Garnishee Powell, LLC, *see* ECF 27.  Powell, LLC timely filed an Answer, admitting that it had possession of the Judgment Debtor High Caliber, in the form of a $3,000 retainer fee held in a client trust fund account.  ECF 28; *see* Md. Rules 2-645(e) ("The garnishee shall file an answer within the time provided by Rule 2-321."); Md. Rules 2-321 (affording parties thirty days to file their answer).  No reply was filed.

While neither the Garnishee nor the Judgment Debtor challenged service of process, it

5

appears from the Court's review that Eco Gold failed to abide by Maryland Rule 2-645(d), which sets forth the required method of service for a writ of garnishment.[2] Maryland Rule 2-645(d) requires the person making service to mail a copy of the writ to the judgment debtor's last known address "promptly after service upon the garnishee." The proof of service and mailing then must be filed with the court. *Id.* The Court finds neither any proof of service of the Writ of Garnishment filed on the docket nor any indication from the record that the Judgment Debtor was served the Writ of Garnishment. Notwithstanding this, Powell, LLC filed a timely Answer to the Writ without asserting any defenses. ECF 28; *see* Md. Rules 2-645(e) (describing that the garnishee, in their answer, "may assert any defense that the garnishee may have to the garnishment, as well as any defense that the judgment debtor could assert."). Powell, LLC certified that they served the Judgment Creditor and the Judgment Debtor with Powell, LLC's Answer to the Writ of Garnishment on July 29, 2024. ECF 28, at 1.

To the extent that insufficient service defenses may otherwise be meritorious, the undersigned recommends finding that any objection to service of process has been waived. Maryland Rule 2-322(a) requires a defense of insufficiency of service of process be asserted in a mandatory preliminary motion before any response on the merits. "Once a party speaks to the merits of a case, the individual has made a voluntary appearance, submitting himself to the jurisdiction of the court for all subsequent proceedings." *LVI Env't Servs., Inc. v. Acad. of IRM*, 666 A.2d 899, 903 (Md. App. Ct. 1995), *aff'd*, 687 A.2d 669 (Md. 1997) (internal quotation marks and citation omitted). "The voluntary appearance has two effects: it not only waives

---

[2] In accordance with Maryland Rule 2-645(d), the Writ of Garnishment expressly stated that "[t]he person making service shall mail a copy of the Writ to the Judgment Debtor's last known address promptly after service upon the Garnishee. Proof of the service shall be filed with the court promptly, pursuant to Maryland Rule 2-126." ECF 27, at 2.

service of process, but supplies a valid basis for the acquisition of jurisdiction—consent." *Guen v. Guen*, 381 A.2d 721, 727 n.8 (Md. App. Ct. 1978). As such, "in Maryland it is not permitted to object to defective service subsequent to a voluntary appearance before the court." *Asbestos Workers Loc. 24 Pension Fund v. NLG Insulation, Inc.*, No. CCB-10-918, 2012 WL 113428, at *2 (D. Md. Jan. 11, 2012); *see also id.* ("Maryland courts have interpreted [Md. Rule 2-322] to require defective service objections to be filed prior to a wider category of responsive pleadings." (internal citations omitted)); *McCormick v. St. Francis de Sales Church*, 149 A.2d 768, 772 (Md. 1959) ("[Maryland Rule 2-322] contemplates that no pleading (including a motion) shall be filed before a motion under that Rule.").

Powell, LLC, the Garnishee, filed an Answer to the Writ of Garnishment admitting that it had possession of the Judgment Debtor's property, thereby "speak[ing] to the merits" of the garnishment action. To be sure, Powell, LLC has never challenged the Court's personal jurisdiction over Judgment Debtor due to insufficient service of process. As such, the undersigned recommends finding that Powell, LLC waived any defense to service of process and voluntarily submitted to the Court's jurisdiction. *See LVI Env't Servs., Inc.*, 666 A.2d at 903 (noting that the garnishee never asserted that the court lacked jurisdiction over the judgment debtor, therefore holding that garnishee, after filing its answer addressing the merits of the garnishment proceedings, waived the defense of service of process and voluntarily submitted to the court's jurisdiction); *cf. Trustees of Ironworkers Union No. 16 Pension Plan v. Turner*, No. AMD-07-1691, 2010 WL 917359, at *8 (D. Md. Mar. 10, 2010) (noting that garnishees, unlike defendants, do not have the ability to waive objections to defective service over the *res* in garnishment actions).

7

Accordingly, there being no objection on the merits or on jurisdictional grounds,[3] I further recommend that judgment be entered against the Garnishee Powell, LLC, for $3,000, plus any amount that has come into the hands of Powell, LLC after service of the Writ of Garnishment and before this entry of judgment, not to exceed the amount owed to Eco Gold and enforcement costs. *See* Md. Rules 2-645(j).

### III.   CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends to:

1. GRANT Plaintiff/Judgment Creditor Eco Gold's motion for judgment on garnishment against Garnishee Powell, LLC; and

2. DENY as moot Plaintiff/Judgment Creditor Eco Gold's request to shorten the time for Garnishee Powell, LLC to respond to the motion for judgment on garnishment.

Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

Date: January 2, 2025                               Sincerely,

                                                    /s/

                                                    Charles D. Austin
                                                    United States Magistrate Judge

---

[3] *Trustees of Ironworkers* addressed defective service implications where the defendants/debtors objected to the court's jurisdiction. Judge Grimm determined that by challenging the court's jurisdiction over the garnishee, the defendants had not consented to jurisdiction over the *res*. The challenge and absence of consent led Judge Grimm to address other implications of defective service. 2010 WL 917359, at *6-8. The case now before the Court is different. Unlike *Trustees*, I have no indication that the Defendant does not consent to the Court's jurisdiction. Defendant has not objected to the garnishment proceeding on any ground. The absence of an objection *by the Defendant* is notable because the Garnishee is the Defendant's attorney of record, through whom the Defendant spoke in prior filings in this case. Therefore, being in a different posture than *Trustees*, the Court finds it unnecessary to address other issues raised in that case.